1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

THOMAS WILLIAM SINCLAIR
RICHEY,

9

            Plaintiff,

10

      v.

11

DOUGLAS THAUT,

12

            Defendant.

13

CASE NO. C11-5755BHS

ORDER DECLINING TO
ADOPT REPORT AND
RECOMMENDATION AND
GRANTING MOTION TO
DISMISS

14
15
16
17

        This matter comes before the Court on the Report and Recommendation ("R&R") of

the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Plaintiff

Thomas William Sinclair Richey's ("Richey") objections to the R&R (Dkt. 21).

18
19
20
21
22
23
24
25
26
27

        On February 16, 2012, Judge Strombom issued the R&R recommending that the

Court dismiss Richey's complaint for failure to exhaust his administrative remedies.  Dkt.

19.  Judge Strombom also recommended that the dismissal count as a "strike" against

Richey because he attempted to exhaust his administrative remedies shortly after filing the

lawsuit.  *Id*.  On March 1, 2012, Richey objected to both recommendations.  Dkt. 21.  First,

Richey argues that his claim is exhausted because the grievance coordinator handled his

grievance in such a manner that his grievance was not appealable through the prison's

grievance procedure.  *Id*.  Second, Richey argues that the grievance manager rewrote and

appealed Richey's grievance after Richey had filed this lawsuit.

28

ORDER – 1

1

Upon review of the record the Court agrees with Richey because (1) his grievance

2

was "withdrawn" instead of denied, which makes the grievance not subject to appeal and (2)

3

the subsequent grievance was typed, not handwritten, and only contains the grievance

4

manager's signature.  Therefore, the Court declines to adopt the R&R.

5

However, in the Defendant Douglas Thaut's reply brief, Thaut argues that Richey's

6

claim can be dismissed because Washington provides an adequate post deprivation remedy.

7

The random and unauthorized deprivation of a prisoner's property by a state official or

8

employee does not state a claim for a violation of due process in a § 1983 action where the

9

state provides an adequate post-deprivation remedy for the loss.  *Hudson v. Palmer*, 468

10

U.S. 517 (1984) (unauthorized, intentional loss of property or injury to property by state

11

official does not violate due process so long as the state provides a meaningful

12

post-deprivation remedy for the loss or injury); *Parratt v. Taylor*, 451 U.S. 527 (1981)

13

(negligent loss of property or injury to property by state official does not violate due process

14

so long as the state provides a meaningful post-deprivation remedy for the loss or injury).

15

In Washington, a plaintiff may file a tort claim and a civil action against the state of

16

Washington for the unlawful loss or destruction of personal property. RCW 72.02.045 (state

17

and/or state officials liable for the negligent or intentional loss of inmate property); RCW

18

4.92.090-.100 (state liable for the tortious conduct of state officials and employees); *see also*

19

*Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986) (state of Washington provides a

20

meaningful remedy for the loss of an inmate's property by state officials).

21

In this case, Richey may file a tort claim for the temporary deprivation of money

22

from his prison account in Washington state court.  This is an adequate post-deprivation

23

remedy.  Therefore, the Court grants Thaut's motion to dismiss on this basis.

24

Therefore, it is hereby **ORDERED** that

25

26

27

28

ORDER – 2

1

2   (1)   The Court declines to adopt the R&R (Dkt. 19);

3   (2)   Thaut's motion to dismiss (Dkt. 14) is **GRANTED** as stated herein;

4   (3)   Richey's complaint is **DISMISSED**; and

5   (4)   This case shall be **CLOSED**.

6   DATED this 28th day of March 2012.

7

8

9   BENJAMIN H. SETTLE

10   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER – 3