UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS WILLIAM SINCLAIR RICHEY,<br><br>Plaintiff,<br><br>v.<br><br>DOUGLAS THAUT,<br><br>Defendant. | CASE NO. C11-5755BHS<br><br>ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 19), and Plaintiff Thomas William Sinclair Richey's ("Richey") objections to the R&R (Dkt. 21).

On February 16, 2012, Judge Strombom issued the R&R recommending that the Court dismiss Richey's complaint for failure to exhaust his administrative remedies. Dkt. 19. Judge Strombom also recommended that the dismissal count as a "strike" against Richey because he attempted to exhaust his administrative remedies shortly after filing the lawsuit. *Id*. On March 1, 2012, Richey objected to both recommendations. Dkt. 21. First, Richey argues that his claim is exhausted because the grievance coordinator handled his grievance in such a manner that his grievance was not appealable through the prison's grievance procedure. *Id*. Second, Richey argues that the grievance manager rewrote and appealed Richey's grievance after Richey had filed this lawsuit.

ORDER – 1

Upon review of the record the Court agrees with Richey because (1) his grievance was "withdrawn" instead of denied, which makes the grievance not subject to appeal and (2) the subsequent grievance was typed, not handwritten, and only contains the grievance manager's signature. Therefore, the Court declines to adopt the R&R.

However, in the Defendant Douglas Thaut's reply brief, Thaut argues that Richey's claim can be dismissed because Washington provides an adequate post deprivation remedy. The random and unauthorized deprivation of a prisoner's property by a state official or employee does not state a claim for a violation of due process in a § 1983 action where the state provides an adequate post-deprivation remedy for the loss. *Hudson v. Palmer*, 468 U.S. 517 (1984) (unauthorized, intentional loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury); *Parratt v. Taylor*, 451 U.S. 527 (1981) (negligent loss of property or injury to property by state official does not violate due process so long as the state provides a meaningful post-deprivation remedy for the loss or injury).

In Washington, a plaintiff may file a tort claim and a civil action against the state of Washington for the unlawful loss or destruction of personal property. RCW 72.02.045 (state and/or state officials liable for the negligent or intentional loss of inmate property); RCW 4.92.090-.100 (state liable for the tortious conduct of state officials and employees); *see also Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wa. 1986) (state of Washington provides a meaningful remedy for the loss of an inmate's property by state officials).

In this case, Richey may file a tort claim for the temporary deprivation of money from his prison account in Washington state court. This is an adequate post-deprivation remedy. Therefore, the Court grants Thaut's motion to dismiss on this basis.

Therefore, it is hereby **ORDERED** that

ORDER – 2

(1) The Court declines to adopt the R&R (Dkt. 19);

(2) Thaut's motion to dismiss (Dkt. 14) is **GRANTED** as stated herein;

(3) Richey's complaint is **DISMISSED**; and

(4) This case shall be **CLOSED**.

DATED this 28th day of March 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 3