UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

THOMAS WILLIAM SINCLAIR RICHEY,

    Plaintiff,

v.

DENNIS THAUT,

    Defendant.

CASE NO. C11-5755 BHS

ORDER

This matter comes before the Court on Plaintiff Thomas William Sinclair Richey's ("Richey") motion for relief from judgment. Dkt. 24. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion, vacates the previous order and judgment, and grants Defendant Dennis Thaut's motion to dismiss for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On March 28, 2012, the Court granted Thaut's motion to dismiss Richey complaint because Washington provides an adequate post deprivation remedy. Dkt. 22. On April 9, 2012, Richey filed a motion for relief from judgment. Dkt. 24. On April 20, 2012, Thaut responded. Dkt. 25. On April 26, 2012, Richey replied. Dkt. 26.

## II. DISCUSSION

Richey argues that the Court's decision was wrong because it was "based on a false fact." Dkt. 24 at 1. The Court may grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

In this case, the Court granted Thaut motion to dismiss based on the understanding that Richey was asserting a due process claim for deprivation of property. Dkt. 22. Richey's complaint, however, states a claim for a violation of his First Amendment rights. The Court finds that this conflict is a reason that justifies relief. Therefore, the Court grants Richey's motion for relief from judgment and vacates the judgment and order granting Thaut's motion to dismiss. The Court will consider the motion to dismiss anew.

Richey alleges that Thaut violated his First Amendment right to redress grievances and retaliated against him. Dkt. 5 at 5.

**A. Right to Redress**

Prisoners have a First Amendment right to file prison grievances. *Bruce v. Ylst*, 351 F.3d 1283, 1288 (9th Cir. 2003). In this case, Richey filed a grievance that was not accepted by Thaut because Richey did not provide an invoice number for the order of envelopes that Richey allegedly did not receive. Dkt. 5 at 4-5. Richey resubmitted the grievance stating that he didn't have an invoice number because he did not have a receipt. *Id*. Thaut classified the grievance as withdrawn. *Id*. Richey filed a separate grievance that was accepted and resulted in the return of money to Richey's prison account. *Id*. Richey has failed to state any plausible claim that his right to file prison grievances has been violated by Thaut's decision to file the grievance as withdrawn. *See Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1964-65 (2007).

B. Retaliation

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2005).

In this case, Richey has failed to allege any injury that shows that his speech has been chilled. In fact, the exact opposite occurred as Richey filed another grievance that was accepted and acted upon.

Therefore, the Court grants Thaut's motion to dismiss because Richey has failed to state a claim upon which relief may be granted.

## III. ORDER

Therefore, it is hereby **ORDERED** that Richey's motion for relief from judgment (Dkt. 24) is **GRANTED**, the Court's previous order (Dkt. 22) and judgment (Dkt. 23) are **VACATED**, and the Court **GRANTS** Thaut's motion to dismiss Richey's First Amendment claims (Dkt. 14).

Dated this 16th day of May, 2012.

BENJAMIN H. SETTLE
United States District Judge